**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Ronsick, | No. CV-24-03331-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| American Kenda Rubber Industrial Company Limited, | |
| Defendant. | |

Before me is Defendant American Kenda Rubber Industrial Co., LTD.'s ("American Kenda") Motion to Dismiss Plaintiff Bradley Ronsick's Third Amended Complaint ("TAC") for failure to state a claim under Rule 12(b)(6) ("Motion"). (Doc. 30.) For the following reasons, the Motion will be **denied**.

## I.     BACKGROUND

In May 2021, Ronsick purchased a 2010 Can-Am Spyder motorcycle. (Doc. 26 at ¶ 9.) On October 31, 2021, Ronsick was driving the motorcycle when its rear tire "suddenly and without warning suffered a tread/belt separation" causing a rollover accident. *(Id.* at ¶¶ 10–12.) Ronsick lost consciousness and was "seriously and permanently injured as a result of the crash, which resulted from the failure of the subject tire." (*Id.* at ¶¶ 14–15.) Ronsick was transported by ambulance to the hospital, where he was administered several medications for severe pain over the course of his twelve-day hospitalization—from October 31 through November 11, 2021. (*Id.* at ¶¶ 17–28.) Ronsick alleges that American Kenda "designed, manufactured, tested, inspected, warranted,

imported, marketed, distributed and/or sold" the defective tire. (*Id.* at ¶¶ 42–45.)

Ronsick filed this action on November 3, 2023—three days after the two-year anniversary of the accident—in Maricopa County Superior Court. (Doc. 1-1 at 2, 8.) On November 22, 2024, American Kenda removed Ronsick's action to this Court. (Doc. 1.) American Kenda then moved to dismiss the Second Amended Complaint. (Docs. 5, 7.)[1] On September 19, 2025, I dismissed the Second Amended Complaint, finding that Ronsick had not pleaded sufficient facts to establish tolling or delayed accrual, but granted leave to amend. (Doc. 24 at 12–13.) Ronsick filed the TAC on October 1, 2025, asserting claims against American Kenda for strict products liability and negligence under Arizona law. (Doc. 26.)

The TAC includes additional allegations regarding Ronsick's injuries, hospitalization, and treatment. Specifically, Ronsick alleges that due to his extensive injuries and severe pain, he was administered many pain medications—including ketamine, fentanyl, hydromorphone, midazolam, methocarbamol, oxycodone, diazepam, and gabapentin—with side effects including sedation, impaired memory, and confusion. (*Id.* at ¶¶ 24–25, 28, 30–34.) Because of his pain and medications, Ronsick alleges he "slept a great deal" and "does not remember much about his first week in the hospital." (*Id.* at ¶ 29.) He further alleges that his significant other, Robin LaCross, was constantly by his side and observed that he slept most of the time, was in severe pain when awake, was administered high levels of narcotics, and could not care for himself or make any medical or legal decisions. (*Id.* at ¶¶ 35–39.)

On November 14, 2025, American Kenda filed the Motion seeking dismissal of the TAC. (Doc. 30.) Ronsick responded, (Doc. 31), and American Kenda replied, (Doc. 32).[2] American Kenda argues that Ronsick's claims accrued on October 31, 2021, were not

---

[1] The Motion to Dismiss was brought by Defendant Kenda Rubber (China) Co. ("Chinese Kenda"), (Doc. 5), and joined by Defendant American Kenda, (Doc. 7). Chinese Kenda was dismissed for lack of personal jurisdiction. (Doc. 24 at 13.)

[2] American Kenda's request for oral argument, (Doc. 30), is denied because the issues are fully briefed and oral argument would not aid my decision process. *See* LRCiv 7.2(f).

- 2 -

tolled, and are time barred by the two-year statute of limitations because they were filed on November 3, 2023.  (Doc. 30 at 3–4.)  Ronsick counters that the statute of limitations was tolled during his hospitalization under Arizona's unsound mind tolling provision, A.R.S. § 12-502.  (Doc. 31 at 9–12.)

## II.    LEGAL STANDARD

As a federal court sitting in diversity, I apply the substantive law of Arizona to Ronsick's claims, including Arizona's statute of limitations.  *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).  The limitations period in Arizona for personal injury actions is two years.  A.R.S. § 12-542(1).  Under Arizona's discovery rule, however, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause."  *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998).  Under this rule, "it is not enough that a plaintiff comprehends a 'what'; there must also be reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault."  *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002).

Additionally, under A.R.S. § 12-502, a statute of limitations is tolled if a would-be plaintiff is of "unsound mind" when the cause of action accrues ("Unsound Mind Tolling").  *Doe*, 955 P.2d at 963.  Only after removal of the disability will the period begin to run.  *See* A.R.S. § 12-502.  Unsound mind occurs when a person is either (1) unable to manage their daily affairs or (2) unable to understand their legal rights or liabilities.  *Doe*, 955 P.2d at 964.  However, "it is insufficient to summarily claim 'inability to bring the action.'"  *Id.* (quoting *Florez v. Sargeant*, 917 P.2d 250, 255 (Ariz. 1996)); *see also id.* ("conclusory averments such as assertions that one was unable to manage [their] daily affairs or understand [their] legal rights and liabilities" do not constitute the "hard evidence" required).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

- 3 -

modified).  Tolling, however, "is not generally amenable to resolution on a Rule 12(b)(6) motion."  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).  The question at this stage is whether the complaint "adequately alleges facts showing the *potential* applicability" of tolling.  *Cervantes*, 5 F.3d at 1277.  "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint."  *Holt v. County of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024) (cleaned up).  Thus, if there are "factual and legal issues [that] are not sufficiently clear to permit [courts] to determine with certainty whether [a tolling doctrine] could be successfully invoked[,]" the complaint should not be dismissed.  *Supermail Cargo*, 68 F.3d at 1207.

## III.  DISCUSSION

### A.  Accrual

American Kenda argues that Ronsick's claims accrued on October 31, 2021, the date of the accident, because he knew of both his injury and its cause on that date.[3]  (*See* Doc. 30 at 3–8.)  I agree.  The TAC alleges that the crash "resulted from the failure of the subject tire" when it "suddenly and without warning suffered a tread/belt separation," causing Ronsick's motorcycle to go out of control and resulting in him being "seriously and permanently injured."  (Doc. 26 at ¶¶ 11–12, 14.)  The TAC further alleges that American Kenda "designed, manufactured, tested, inspected, warranted, imported, marketed, distributed and/or sold" the tire.  (*Id.* at ¶ 42.)  A blown tire causing a serious crash provides more than enough reason to put a reasonable person on notice to investigate.  By his own pleading, Ronsick knew of the injury and its cause on the date of the accident.  Therefore, the two-year statute of limitations began to run on October 31, 2021.  Absent Unsound Mind Tolling, Ronsick's claims are time-barred.

---

[3]  Ronsick invokes Arizona's discovery rule but offers no argument or facts suggesting his claim accrued any later than October 31, 2021.  (*See* Doc. 31 at 8–12.)  His substantive opposition rests on tolling for unsound mind.  (*See id.*)

- 4 -

### B.     Unsound Mind Tolling

American Kenda argues that Ronsick has not adequately alleged facts warranting Unsound Mind Tolling. (Doc. 30 at 7–8.)  I disagree and find that Ronsick plausibly pleads that Unsound Mind Tolling applies.

Ronsick alleges he was unconscious at the time of the accident and, upon regaining consciousness, was in "severe pain."  (Doc. 26 at ¶¶ 15, 18.)  During his twelve-day hospitalization, he received high-dose pain medications and narcotics—including ketamine, fentanyl, hydromorphone, midazolam, methocarbamol, oxycodone, diazepam, and gabapentin.  (*Id.* at ¶¶ 24–34.)  He alleges that these medications have known side effects, including sedation, memory impairment, and confusion. (*Id.* at ¶¶ 30–34.)  He was transferred to the Trauma ICU, "slept a great deal," and retained little memory of his first week in the hospital.  (*Id.* at ¶¶ 26, 29.)  Ronsick further alleges that his significant other, Robin LaCross, remained by his side throughout the hospitalization and witnessed him being heavily sedated, in severe pain when awake, and incapable of caring for himself or making decisions about his medical care and legal rights.  (*Id.* at ¶¶ 35–39.)  These allegations, taken as true, are more than mere conclusory averments—they plausibly allege that Ronsick may have been unable to manage his daily affairs or unable to understand his legal rights during his hospitalization.  *See Doe*, 955 P.2d at 964; *see also Bride v. Basin W. Inc.*, 2022 WL 17486812, at *2 (D. Ariz. Dec. 7, 2022) (denying motion to dismiss where plaintiff plausibly alleged incapacity under A.R.S. § 12-502).

American Kenda argues that Ronsick's alleged incapacity was "temporary" and therefore insufficient to warrant Unsound Mind Tolling.  (Doc. 30 at 7–8.)  It relies primarily on *Kopacz v. Banner Health*, a case in which the Arizona Court of Appeals held that the plaintiff's claims were barred by the statute of limitations because she made only conclusory averments in support of her tolling argument.  425 P.3d 586 (Ariz. Ct. App. 2018).  American Kenda's argument is unpersuasive for two reasons.

First, the cases American Kenda cites do not establish that temporary post-accident incapacity is categorically insufficient to establish Unsound Mind Tolling.  Indeed, while

the *Kopacz* court acknowledged a split of authority among other jurisdictions—with some courts holding that injuries sustained in an accident may render a plaintiff temporarily of unsound mind, and others holding that short-term medication effects alone are insufficient—it did not decide whether temporary post-accident incapacity can support Unsound Mind Tolling under Arizona law. *See Kopacz*, 425 P.3d at 590 n.3 (collecting cases). Rather, the court's holding rested on the plaintiff's failure to offer more than conclusory averments and declined to reach this question: "Given [the plaintiff's] failure to offer anything but conclusory statements in support of her contention that she could not 'consider' a claim [while being treated], we need not consider further whether she satisfied § 12–502." *Id.* Ronsick's allegations involve both accident-caused injuries—the kind of injury *Kopacz* noted may support temporary tolling—and related narcotic sedation during his hospitalization, placing his case in territory *Kopacz* explicitly left undecided. At the pleading stage, I will not resolve against Ronsick a question that Arizona's own appellate courts have not decided.[4]

*Kopacz* is also factually and procedurally distinguishable. First, the *Kopacz* plaintiff offered only conclusory averments about her inability to manage her affairs. *Kopacz*, 425 P.3d at 590. Ronsick's allegations, by contrast, identify specific medications, describe their effects, and detail contemporaneous observations from a witness. (Doc. 26 at ¶¶ 24–39.) Second, the *Kopacz* record affirmatively showed that the plaintiff was alert and oriented at the relevant times. *Kopacz*, 425 P.3d at 590. Ronsick alleges the opposite. Third—and most importantly—*Kopacz* was decided at summary judgment on a developed evidentiary record, and on that record the court concluded that the plaintiff had failed to

---

[4] Likewise, American Kenda's reliance on other Arizona caselaw is misplaced. *Nolde v. Frankie*, 964 P.2d 477, 482–84 (Ariz. 1998), addressed the evidentiary standard for proving unsound mind at summary judgment, but did not address temporary post-accident incapacity. And *Nelson v. Nelson*, 669 P.2d 990, 992–93 (Ariz. Ct. App. 1983), was decided after the plaintiff presented all of his evidence at a bench trial and produced nothing to support unsound mind. The *Nelson* court held only that occasional confusion or forgetfulness without medical evidence is not sufficient—again, not addressing the temporary-incapacity question. *See id.*

adduce the required "hard evidence" of her unsound mind.  *Id*. at 588; *see Doe*, 955 P.2d at 964.  This case is at the 12(b)(6) stage, where Ronsick need only plead facts that plausibly support tolling.  *See Supermail Cargo*, 68 F.3d at 1206–1207.[5]

Taking Ronsick's allegations as true and drawing all reasonable inferences in Ronsick's favor, the TAC plausibly alleges facts giving rise to Unsound Mind Tolling.  *See id.* at 1207; *Bride*, 2022 WL 17486812, at *2.  Ronsick has therefore sufficiently pleaded, for the purposes of Rule 12(b)(6), tolling that may render his claims timely.  Whether Ronsick can ultimately prove he was of unsound mind on a developed record is a different question.

## IV.    CONCLUSION

On the face of the TAC, Ronsick's claim accrued on October 31, 2021, and the two-year statute of limitations expired before he filed his claims on November 3, 2023.  Because Ronsick has plausibly pleaded Unsound Mind Tolling, however, his claims may be timely, and dismissal at this stage would be inappropriate.

Accordingly,

///

///

///

---

[5]    Both parties rely on Ronsick's medical records.  (*See* Docs. 30, 31, 32.)  I do not decide at this stage whether the medical records are properly incorporated by reference under *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–1003 (9th Cir. 2018), because the outcome is the same either way.  If the medical records are not considered, Ronsick has sufficiently alleged facts in his TAC to plausibly plead unsound mind.  If they are considered, the record is equivocal, reflecting both loss of consciousness, minimum exam participation, IV narcotics, and pain-medication administrations during the twelve-day hospitalization on the one hand, and intermittent "alert" notations on the other.  (*Compare* Doc. 17 at 32 (reporting "[p]ositive loss of consciousness," minimum participation with exam due to pain, and administration of IV narcotics), *with id.* at 33 (reporting Ronsick was alert after the accident, though with trouble recalling the crash).)  Incorporated documents cannot be used to resolve factual disputes against the plaintiff at the pleading stage; reasonable inferences must be drawn in the plaintiff's favor.  *Khoja*, 899 F.3d at 1003, 1014.  The factual dispute over Ronsick's mental state therefore cannot be resolved on this motion.  *See Supermail Cargo*, 68 F.3d at 1207.

**IT IS ORDERED** that American Kenda's motion to dismiss, (Doc. 30), is **DENIED**.

Dated this 30th day of July, 2026.

Honorable Sharad H. Desai
United States District Judge